# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2704

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Daniel Vallejos-Batres, | * | |
| also known as Danilo Vallejos-Batres, | * | [UNPUBLISHED] |
| also known as Danilo Vidal | * | |
| Vallejos Batres, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 12, 2003

Filed: February 26, 2003

_____

Before WOLLMAN, HEANEY and MELLOY, Circuit Judges.

_____

PER CURIAM.

Daniel Vallejos-Batres appeals from his conviction for illegal reentry to the United States following deportation. He asserts the district court erred when it denied him the opportunity to present a defense through jury instructions, evidence, and argument that the government was required to prove that he knowingly and intentionally remained in the United States without permission. Vallejos-Batres is from El Salvador, and he believed he was allowed to enter and remain in the United

States under temporary protected status, which was extended to Salvadorans following devastating earthquakes in 2001. On the basis of United States v. Gonzalez-Chavez, 122 F.3d 15 (8th Cir. 1997), we affirm.

The statute under which appellant was prosecuted and convicted, 8 U.S.C. § 1326, provides that an alien who:

> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order for exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

Appellant thought he had permission to be in the United States. He asserts his belief constitutes an affirmative defense to illegal reentry, which should have been presented to the jury. He argues that 8 U.S.C. § 1326 is a specific intent crime, which requires the government to prove that the defendant not only intended to be in the United States, but also intended to violate the law by returning to this country, knowing that he lacked the legally required permission.

This circuit has held that 8 U.S.C. § 1326 is not a specific intent crime. See United States v. Gonzalez-Chavez, 122 F.3d 15 (8th Cir. 1997). A panel of this court explained in that case that:

> We agree with those courts that have held that specific intent is not an element of the offense in § 1326 prosecutions. Section 1326 is silent on

the issue of criminal intent, and while statutory silence alone does not necessarily dictate that intent is not an element of the stated crime, nothing in the legislative history of §1326 supports inferring an element of specific intent. To the contrary, the use of express language concerning specific intent in other provisions of the Immigration and Nationality Act suggests that Congress intended to establish a *mala prohibita* offense "to assist in the control of unlawful immigration by aliens."

Id. at 17 (citations omitted). We therefore affirm the conviction. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.